UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK WIND, a/k/a Patrick Azure,<br><br>Defendant. | 3:25-CR-30067-ECS<br><br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART MOTION TO SUPPRESS |

Defendant, Patrick Wind, filed a motion to suppress statements attributed to Wind during his encounter with law enforcement on May 14, 2025.  Doc. 20.  The motion was referred to Magistrate Judge Mark Moreno pursuant to D.S.D. Crim. LR 57.11(A)(2).  Judge Moreno held a hearing on the motion and subsequently issued a written report and recommendation.  Doc. 31. Judge Moreno recommended that the motion to suppress be granted as to two questions and subsequent responses: (1) Bureau of Indian Affairs (BIA) Lieutenant Houston Rouillard's question "Did you just try headbutting me?" and (2) BIA Lieutenant Rouillard's question "You wanna headbutt me?"  Id. at 11–12.  Judge Moreno recommended that the motion to suppress should be otherwise denied.  Id. at 12.

On July 23, 2026, Wind filed objections to the report and recommendation, arguing that all statements made to law enforcement on May 14, 2025, should be suppressed because Wind's statements were obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966), and were involuntary.  Doc. 32.  This Court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 59 of the Federal Rules of Criminal Procedure.  The court

reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).  Because motions to suppress are considered dispositive matters, a magistrate judge's recommendation is subject to de novo review.  28 U.S.C. § 636(b)(1)(B)-(C).  In conducting de novo review, this court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(c); see also United States v. Craft, 30 F.3d 1044, 1045 (8th Cir. 1994).  This Court has conducted the required de novo review of Judge Moreno's Report and Recommendation.  In this Court's opinion, all of Judge Moreno's findings and recommendations are well grounded in the facts and law and should be adopted.

Defendant argues that his statements were obtained in violation of Miranda because "questions were asked of Mr. Wind in a custodial setting, without advisement of Miranda, and those questions were likely to elicit incriminating responses."  Doc. 32 at 4.  Defendant specifically identifies the series of questions related to "Wind's drug and alcohol consumption and whether he would submit to a PBT were relevant to the tribal charges on which he was being booked in jail" and accordingly, not admissible under the routine booking exception.  Id. at 3 (citation omitted).  Lieutenant Rouillard's testified that he placed Defendant "under arrest for the probation violation and the aggravated trespass, and criminal mischief."  Doc. 30 at 10:23–24.  Lieutenant Rouillard also testified that the questions related to intoxication are routine and asked of anyone brought in to determine level of intoxication and for mental health.  Id. at 31:8–21.  This Court finds that the routine booking exception applies because, based on this Court's review of the video, the questions were asked in the series of other regular booking questions, the questions did not relate to the transgressions, and the testimony reflects that the questions are

2

asked of any individual incarcerated in the facility.  See also United States v. Griffith, No. 17-04083-01-CR-C-BCW, 2019 WL 2476746, at *1, 7 (W.D. Mo. June 13, 2019) (recognizing that the routine booking exception could apply to "a question regarding drug use . . . in some situations [to] assist with booking procedures and medical care," but finding that the exception did not apply when the defendant was charged with being an unlawful user of a controlled substance in possession of a firearm because the "questions appear to have been intended to discern [defendant's] guilt, and seem to have been accusatory in nature").

Defendant also objects to the Magistrate Judge's determination that questions "regarding OC spray, whether Mr. Wind was done, and following up on Mr. Wind's remarks" lacked interrogatory purpose.  Doc. 32 at 4.  Defendant argues that in light of Lieutenant Rouillard's testimony regarding his history with Wind and what conduct constitutes the crime charged of assaulting a federal officer, these questions had interrogatory purpose.  Id.  This Court has independently reviewed the record and finds that the "questions, when viewed objectively and in context, lack the interrogatory purpose Miranda was intended to protect."  Doc. 31 at 10 (citing United States v. Briones, 390 F.3d 610, 612 (8th Cir. 2004); and Rhode Island v. Innis, 446 U.S. 291, 301 (1980)).

Wind argues that his statements were involuntary under the totality of the circumstances. Doc. 32 at 5.  He claims that the factors, including that he suffered an assault prior in the day, he was asleep at the time the encounter began, his state of intoxication, and the lack of Miranda warnings, "overbore Mr. Wind's will and critically impaired his capacity for self-determination." Id.  Based on the record and the totality of the circumstances, this Court finds that Wind's statements were voluntary.  "Intoxication and fatigue do not automatically render a confession involuntary; rather, the test is whether these mental impairments caused the defendant's will to

3

be overborne."  United States v. Casal, 915 F.2d 1225, 1229 (8th Cir. 1990).  After this Court's independent review, this Count recognizes that Judge Moreno's Report and Recommendation accurately lays out how "Wind had enough acumen to decide what he was—and was not—going to say and do."  Doc. 31 at 6.  This Court finds that Wind's will was not overborne and that Wind's statements were voluntary.

Accordingly, it is

ORDERED that the Report and Recommendation Granting in Part and Denying in Part Motion to Suppress Statements, Doc. 31, is adopted in full.  It is further

ORDERED that Defendant's Objections to Magistrate Judge's Report and Recommendation, Doc. 32, are overruled.  It is finally

ORDERED that Defendant's Motion to Suppress Statements, Doc. 20, is granted in part and denied in part, consistent with this order.

DATED this 13th day of August, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

4